# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LYNN NORWOOD, CDC #J-53407,<br><br>                        Plaintiff,<br><br>vs.<br><br>JEANNE WOODFORD, M.E. BOURLAND, J.G. GIURBINO, J.A. JANDA,<br><br>                        Defendant. | Civil No.   07-0057 WQH (JMA)<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR CLARIFICATION**<br><br>[Doc. No. 17] |

       Plaintiff, an inmate currently incarcerated at the California Correctional Institution in Tehachapi, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on January 8, 2007.  In Plaintiff's original Complaint, he alleges that he was placed in administrative segregation ("ad-seg") while incarcerated at Calipatria State Prison in violation of his Fourteenth Amendment due process rights.  Plaintiff also alleged that Calipatria prison officials violated his Eighth Amendment rights when they deprived him of outdoor exercise for a lengthy period of time.  Plaintiff sought declaratory and injunctive relief as well as monetary damages.

////

| | |
|---|---|
| 1 | Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a), but instead |
| 2 | submitted a Motion to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. |
| 3 | No. 3]. On March 15, 2007, this Court granted Plaintiff's Motion to Proceed IFP but |
| 4 | simultaneously dismissed his Complaint for failing to state a claim upon which relief could be |
| 5 | granted. *See* Mar. 15, 2007 Order at 8-9. Nonetheless, the Court granted Plaintiff forty five |
| 6 | days to submit a First Amended Complaint correcting the deficiencies of pleading noted in the |
| 7 | Court's Order. *Id*. at 9. On April 16, 2007, Plaintiff filed his First Amended Complaint |
| 8 | ("FAC"). |
| 9 | After reviewing Plaintiff's First Amended Complaint, the Court specifically found that |
| 10 | Plaintiff's Eighth Amendment claim survived sua sponte screening required by 28 U.S.C. |
| 11 | §§ 1915(e)(2) and 1915A(b), and that Plaintiff was therefore automatically entitled to U.S. |
| 12 | Marshal service on his behalf. Plaintiff has now filed a "Motion for Clarification" regarding |
| 13 | whether or not his First Amendment retaliation claim was dismissed. |
| 14 | The Court has not dismissed any claims or Defendants listed in Plaintiff's First Amended |
| 15 | Complaint at this time. However, Plaintiff is cautioned that "the sua sponte screening and |
| 16 | dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) |
| 17 | motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 |
| 18 | (S.D. Cal. 2007). Plaintiff is required to follow the instructions that were sent to him with the |
| 19 | Court's Order on May 1, 2007 and prepare the U.S. Marshal Forms to serve the named |
| 20 | Defendants. Based on a review of the Court's docket, it does not appear that Plaintiff has |
| 21 | effected service on any of the named Defendants. |
| 22 | Rule 4 of the Federal Rules of Civil Procedure provides that "[i]f service of the summons |
| 23 | and complaint is not made upon the defendant within 120 days after the filing of the complaint, |
| 24 | the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the |
| 25 | action without prejudice as to that defendant or direct that service be effected within a specified |
| 26 | time; provided that if the plaintiff shows good cause for the failure, the court shall extend time |
| 27 | for service for an appropriate period." FED.R.CIV.P. 4(m). |
| 28 | //// |

1  ////

2  Here, after receiving this Court's May 1, 2007 Order and a blank U.S. Marshal Form 285
3  for each Defendant, Plaintiff appeared to be confused by the Court's Order. Accordingly, the
4  Court finds there is good cause to grant Plaintiff an extension of time to complete the U.S.
5  Marshal Form 285 for each named Defendant and forward them to the U.S. Marshal for service.

6  **III.  Conclusion and Order**

7  Good cause appearing, **IT IS HEREBY ORDERED** that:

8  Plaintiff's Motion for Clarification [Doc. No. 17] is **GRANTED** and the Court will sua
9  sponte **GRANT** Plaintiff an extension of time pursuant to FED.R.CIV.P. 4(m) to effect service
10 of his First Amended Complaint. Plaintiff must submit his U.S. Marshal Form 285 to the U.S.
11 Marshal as previously instructed for each named Defendant within 30 days from the date this
12 Order is filed. The U.S. Marshal shall, within 30 days of receiving Plaintiff's U.S. Marshal
13 Form 285, effect service of Plaintiff's First Amended Complaint and summons upon Defendants,
14 as directed by Plaintiff on the U.S. Marshal Form 285 previously provided to him.

15  **IT IS SO ORDERED.**

16  DATED: July 31, 2007

17
18  *William Q. Hayes*
    **WILLIAM Q. HAYES**
    United States District Judge