UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LYNN NORWOOD,<br><br>   Plaintiff,<br><br>v.<br><br>JEANNE WOODFORD, et al.,<br><br>   Defendants. | Case No. 07-CV-0057-WQH (JMA)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION THAT THE COURT ORDER SERVICE UPON DEFENDANTS**<br><br>**[Doc. Nos. 30, 39]** |

On December 20, 2007 *nunc pro tunc* December 13, 2007, Plaintiff filed a "Second Motion Requesting that the Court Order Service Upon Defendants."[1]  Doc. No. 39.  Plaintiff, proceeding pro se and *in forma pauperis*, requests that the Court order service upon Defendants Bourland and Torres, who have apparently retired and separated from state service, respectively, via the California Department of Corrections and Rehabilitation.

---

[1] On October 18, 2007 *nunc pro tunc* October 15, 2007, Plaintiff filed a Motion Requesting the Court to Direct Service on Unserved Defendants.  See Doc. No. 30.  The motion was accepted for filing via Discrepancy Order by the chambers of the Honorable William Q. Hayes.

1    "[A]n incarcerated pro se plaintiff proceeding in forma
2  pauperis is entitled to rely on the U.S. Marshal for service of
3  the summons and complaint, and, having provided the necessary
4  information to help effectuate service, plaintiff should not be
5  penalized by having his or her action dismissed for failure to
6  effectuate service." Puett v. Blandford, 912 F.2d 270, 275 (9th
7  Cir. 1990). So long as the prisoner has furnished the
8  information necessary to identify the defendant, the marshal's
9  failure to effect service of process is automatically good cause
10 within the meaning of Fed. R. Civ. P. 4(m). See Walker v.
11 Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), overruled on other
12 grounds by Sandin v. Conner, 515 U.S. 472, 483-85 (1995).[2]  Here,
13 Plaintiff has sufficiently identified Defendant Bourland as the
14 former Chief Deputy Warden of Calipatria State Prison who
15 responded to his Inmate/Parolee Appeal Form 602 complaints, and
16 Defendant Torres as a Correctional Sergeant at Calipatria. Thus,
17 *as long as the privacy of Defendants' forwarding addresses can be*
18 *preserved*, Plaintiff is entitled to rely on the U.S. Marshal to
19 effect service upon them on his behalf. See Puett, 912 F.2d at
20 275.

21    Accordingly, the Court **GRANTS** Plaintiff's motion and **ORDERS**
22 the Deputy Attorney General assigned to this case to provide the

---

[2] Rule 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

1 | forwarding addresses for Defendants Bourland and Torres to the
2 | U.S. Marshal in a *confidential memorandum* indicating that the
3 | summons and complaint is to be delivered to the specified address
4 | for each defendant.  The Deputy Attorney General shall provide
5 | the U.S. Marshal with any such information on or before **January**
6 | **11, 2008**.

7 | Within forty-five (45) days of receipt of any available
8 | address from the Deputy Attorney General, the Court **ORDERS** the
9 | U.S. Marshal to serve a copy of Plaintiff's First Amended
10 | Complaint and summons upon Defendants Bourland and Torres.  All
11 | costs of service shall be advanced by the United States pursuant
12 | to the Court's May 1, 2007 Order directing service pursuant to 28
13 | U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(2) [Doc. No. 13].

14 | **IT IS FURTHER ORDERED** that the Clerk of the Court provide a
15 | copy of: (1) the Court's May 13, 2007 Service Order [Doc. No.
16 | 13]; (2) this Order; (3) the First Amended Complaint, summons and
17 | a blank U.S. Marshal Form 285 to the Deputy Attorney General for
18 | purposes of re-attempting service as to Defendants Bourland and
19 | Torres.  However, both the Deputy Attorney General and the Office
20 | of the U.S. Marshal are **ORDERED** to keep the addresses provided
21 | for Bourland and Torres strictly confidential.  Thus, the
22 | addresses ***shall not*** appear on any U.S. Marshal Form 285, ***shall***
23 | ***not*** be provided to Plaintiff, and ***shall not*** be made part of the
24 | Court's record.
25 | //
26 | //
27 | //
28 | //

1    Finally, if the Deputy Attorney General is not able to
2 locate an address for either Defendant Bourland or Torres, he or
3 she shall file a Declaration with the Court to that effect by no
4 later than **January 11, 2008**.
5    **IT IS SO ORDERED**.
6 DATED:  December 26, 2007

                                    _____
                                    Jan M. Adler
                                    U.S. Magistrate Judge