UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LYNN NORWOOD,<br><br>          Plaintiff,<br><br>     v.<br><br>JEANNE WOODFORD, et al.,<br><br>          Defendants. | Case No. 07-CV-0057-WQH (JMA)<br><br>**ORDER CONFIRMING DECEMBER 26, 2007 ORDER GRANTING PLAINTIFF'S MOTION THAT THE COURT ORDER SERVICE UPON DEFENDANTS** |

On December 26, 2007, this Court issued an Order Granting Plaintiff's Motion that the Court Order Service Upon Defendants. See Doc. No. 40. The Order required the Deputy Attorney General assigned to this case to provide the forwarding addresses for Defendants Bourland and Torres to the U.S. Marshal in a confidential memorandum.

On December 31, 2007, Deputy Attorney General Sylvie P. Snyder filed a Statement of Inability to Comply With the Court's Order (hereinafter "Statement"). See Doc. No. 42. The Statement asserts that while the Deputy Attorney General is working on submitting a waiver of service of summons on behalf of Defendant

1  Bourland, service cannot be waived as to Defendant Torres.  The
2  Statement further claims that the Deputy Attorney General has no
3  means of obtaining Torres' forwarding information.
4      The Court has reviewed and considered the Deputy Attorney
5  General's Statement, and finds none if its arguments to be
6  persuasive.  The Court finds that the Deputy Attorney General has
7  the ability to obtain Defendant Torres' last known address from
8  the California Department of Corrections and Rehabilitation
9  ("CDCR"), which is the entity that formerly employed Defendants
10 Bourland and Torres and to which the Attorney General is clearly
11 reporting in the course of its representation of the defendants
12 in this action.  Furthermore, the Court finds that the privacy
13 concerns raised by the Attorney General are meritless, as the
14 Court previously ordered that Defendant Torres' last known
15 contact information be provided only to the U.S. Marshal on a
16 <u>confidential</u> basis.  Accordingly, the Court **CONFIRMS** its previous
17 Order of December 26, 2007.  The Deputy Attorney General assigned
18 to this case is **ORDERED** to obtain Torres' last known contact
19 information from the CDCR, and provide this information to the
20 U.S. Marshal in a *confidential memorandum* indicating that the
21 summons and complaint is to be delivered to the specified
22 address.  The Deputy Attorney General shall provide the U.S.
23 Marshal with any such information on or before **January 25, 2008.**
24 **I**f the Deputy Attorney General is not able to locate an address
25 //
26 //
27 //
28 //

for Defendant Torres, she shall file a Declaration with the Court to that effect by no later than **January 25, 2008**.

**IT IS SO ORDERED.**

DATED:   January 11, 2008

_____
Jan M. Adler
U.S. Magistrate Judge