UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LYNN NORWOOD,<br><br>            Plaintiff,<br><br>v.<br><br>JEANNE WOODFORD, et al.,<br><br>            Defendants. | Case No. 07-CV-0057-WQH (JMA)<br><br>**ORDER REGARDING PLAINTIFF'S MOTION REQUESTING SERVICE UPON DEFENDANT R. TORRES**<br><br>**[Doc. 64]** |

On May 6, 2008, Plaintiff filed a motion requesting service upon Defendant R. Torres [Doc. 64]. Deputy Attorney General Sylvie P. Synder filed an opposition to Plaintiff's motion on May 8, 2008 [Doc. 65].

Based on the Court's review of the above pleadings, as well as the document filed at Doc. 60, which consists of a "Process Receipt and Return" form filed by the U.S. Marshal Service, it appears that Deputy Attorney General Snyder has complied with the Court's previous orders that she obtain Defendant Torres' last known contact information from the California Department of Corrections and Rehabilitation and provide this information to

the U.S. Marshal in a confidential memorandum in order to permit service to be effected upon Torres.  <u>See</u> Docs. 40, 47, 51, 60, 65.  The U.S. Marshal attempted service upon Defendant Torres at his last known address on three occasions, apparently without success.  <u>See</u> Doc. 60 (containing the following notation: "4/9/2008 @ 12:45 PM, 4/10/2008 @ 9:45 AM, 4/11/2008 @ 8:18 AM (all 3 endeavors)").  The U.S. Marshal has provided no further information about precisely why it was unable to accomplish service, or whether it is continuing to make any attempts to serve Torres.

An incarcerated pro se litigant proceeding *in forma pauperis* is entitled to rely on service of the summons and complaint by the U.S. Marshal.  <u>Puett v. Blandford</u>, 912 F.2d 270, 275 (9th Cir. 1990).  The Court finds that the service attempts made by the U.S. Marshal to date do not satisfy the Marshal Service's responsibility.  The U.S. Marshal has also not satisfactorily explained to the Court why it was unable to accomplish service upon Torres.

Accordingly, **IT IS HEREBY ORDERED** that the U.S. Marshal shall renew its efforts to serve a copy of the First Amended Complaint and summons upon Defendant R. Torres at the address set forth in the confidential memorandum previously provided by the Deputy Attorney General.  All costs of service shall be advanced by the United States.  <u>See</u> 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  If, after renewing its efforts to effect service upon Defendant Torres, the Marshal Service is still unsuccessful in serving him, it shall provide the Court with a written explanation of the efforts it undertook to accomplish service and

1 | why it was unable to do so.
2 | **IT IS SO ORDERED.**
3 | DATED:  May 12, 2008

_____
Jan M. Adler
U.S. Magistrate Judge
