UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LYNN NORWOOD, | Case No. 07-CV-0057-WQH (JMA) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTIONS REQUESTING SERVICE UPON DEFENDANT R. TORRES** |
| v. | |
| JEANNE WOODFORD, et al., | **[Docs. 71, 75]** |
| Defendants. | |

On July 1, 2008 *nunc pro tunc* June 30, 2008, and on July 30, 2008 *nunc pro tunc* July 23, 2008, Plaintiff filed motions requesting service upon Defendant R. Torres [Docs. 71, 75]. Deputy Attorney General Sylvie P. Synder filed oppositions to Plaintiff's motions on July 3, 2008 [Doc. 70] and July 25, 2008 [Doc. 73].

The Court previously found that Deputy Attorney General Snyder had complied with the Court's orders that she obtain Defendant Torres' last known contact information from the California Department of Corrections and Rehabilitation ("CDCR"), and that she had provided this information to the U.S. Marshal in

a confidential memorandum in order to permit service to be effected upon Torres. <u>See</u> Doc. 66. Using the information provided by the Deputy Attorney General, the U.S. Marshal attempted service upon Defendant Torres at his last known residential address on June 9, 2008. Doc. 68. At that time, the Marshal was informed that Torres no longer owned the property, that the new property owner had purchased the property six months before, and that the new owner did not have any knowledge of Torres' whereabouts. <u>Id.</u> Therefore, to the extent that Plaintiff again seeks an order from the Court directing the Attorney General to obtain Torres' last known address from the CDCR, Plaintiff's request is denied.

Plaintiff also requests that the U.S. Marshal effectuate service upon Torres, who allegedly has criminal charges pending against him, "on his next scheduled court date or via a probation office." Doc. 71 at 1. Although an incarcerated pro se litigant proceeding *in forma pauperis* is entitled to rely on service of the summons and complaint by the U.S. Marshal, the U.S. Marshal can attempt service only after it has been provided with the necessary information to effectuate service. <u>See</u>, <u>e.g.</u>, <u>Puett v. Blandford</u>, 912 F.2d 270, 275 (9th Cir. 1990). It is generally up to the *plaintiff* to provide such information. <u>Id.</u> Therefore, the Court denies this request.

Finally, Plaintiff seeks information regarding whether Torres is on probation as a result of the criminal charges allegedly filed against him, and suggests that the Office of the Attorney General be ordered to provide this information to him as a "sanction" for "failing to provide adequate information" in

1  order to permit service to be effected upon Torres.  The Court
2  denies this request, and finds that no sanctions are warranted
3  against the Attorney General's Office.  Deputy Attorney General
4  Snyder already obtained Defendant Torres' last known contact
5  information from the CDCR and provided this information to the
6  U.S. Marshal, in full compliance with the Court's previous
7  orders.  The Deputy Attorney General need not undertake the
8  investigation currently requested by Plaintiff.
9  　　　Accordingly, Plaintiff's motions requesting service upon
10 Defendant R. Torres are **DENIED**.
11 　　**IT IS SO ORDERED.**
12 DATED:  July 31, 2008

　　　　　　　　　　　　　　　　　　_____
13
　　　　　　　　　　　　　　　　　　Jan M. Adler
14　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge