# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| GREGORY NORWOOD, CDC # J-53407, | CASE NO. 07cv57 WQH (JMA) |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | |
| JEANNE WOODFORD, et al., | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss Plaintiff's First Amended Complaint filed by Jeanne Woodford and Gerald Janda (Doc. # 33); the Motion to Dismiss Plaintiff's First Amended Complaint filed by Jeanne Woodford, Gerald Janda and M Bourland (Doc. # 44); the Motion to Dismiss Plaintiff's First Amended Complaint filed by Jeanne Woodford, Gerald Janda, M Bourland, and J Giurbino (Doc. # 58); and the Report and Recommendation filed by Magistrate Judge Jan M. Adler (Doc. # 69).

## **Background**

On January 8, 2007, Plaintiff Gregory Norwood, a state prisoner, initiated this action by filing a complaint (Doc. # 1). On April 16, 2007, Plaintiff filed the First Amended Complaint ("FAC") (Doc. # 12), which is the operative pleading in this case. The FAC alleges that Defendants Woodford, Janda, Bourland and Giurbino deprived Plaintiff of outdoor exercise from November 7, 2005 to December 16, 2006, a period of 39 days, in violation of his rights as protected by the Eighth Amendment of the United States Constitution. The FAC

alleges that "Defendants motives were to use the deprivation period as a means to punish Plaintiff." *FAC,* p. 5. The FAC alleges that Woodford was the Director of California State Prisons at the time of the deprivation and that she "knew that plaintiff's period of deprivation existed. And this defendant approved of it." *Id.* The FAC alleges that Giurbino was Warden of Calipatria State Prison and "is responsible for plaintiffs custody treatment and discipline and had to approve the lockdown." *Id.* The FAC alleges that Bourland was Chief Deputy Warden of Calipatria State Prison and that Janda was Associate Warden. The FAC alleges that Bourland and Janda knew of Plaintiff's deprivation because they were served with an institutional grievance filed by Plaintiff, yet did not provide Plaintiff with any outdoor exercise opportunities. *Id.* at 6. The FAC also alleges that Defendants retaliated against him for asserting his protected right to be free from harm, in violation of his rights as protected by the First Amendment.

On November 13, 2007, January 7, 2008 and March 27, 2008, Defendants filed Motions to Dismiss (Docs. # 33, 44, 58) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The grounds for dismissing the FAC are the same in each Motion to Dismiss. Specifically, Defendants move to dismiss the FAC on grounds that Plaintiff fails to state a claim for violation of the Eighth Amendment because Plaintiff "has not satisfied either the objective or subjective requirements of a claim for deprivation of outdoor exercise in that Plaintiff was not denied the minimal civilized measure of life's necessities, and there was no deliberate indifference" by any Defendant. (Docs. # 33, p. 3; 44, p. 4; 58, p. 4). Defendants also contend that they are entitled to qualified immunity. Plaintiff filed oppositions to the Motions to Dismiss (Docs. # 45, 61).

On June 30, 2008, Magistrate Judge Jan M. Adler filed a Report and Recommendation ("R&R") recommending that the Court (1) deny the Motions to Dismiss the FAC, and (2) dismiss all claims against Defendant Sergeant Rutledge. The R&R concludes that Plaintiff has satisfied the objective requirement to state an Eighth Amendment claim because Plaintiff has alleged that he was denied outdoor exercise for 39 days, and "Plaintiff's alleged deprivation is sufficiently close in duration to the deprivations . . . that Eighth Amendment protection may

be invoked." *R&R,* p. 9. The R&R concludes that Plaintiff has satisfied the subjective requirement to state an Eighth Amendment claim on grounds that Plaintiff alleges that each Defendant acted with deliberate indifference because they knew that the lack of outdoor exercise presented a risk to Plaintiff's health and safety, yet either directed or approved of the deprivation. The R&R concludes that Plaintiff has sufficiently alleged the objective and subjective elements of an Eighth Amendment claim. The R&R further concludes that Defendants are not entitled to qualified immunity because Plaintiff has alleged an Eighth Amendment claim and "any reasonable official in Defendants' positions would have understood that the denial of outdoor exercise for an extended period of time was unconstitutional. The Eighth Amendment may be violated even in a lockdown situation." *R&R,* p. 17.

On July 17, 2008, Defendants filed objections to the R&R (Doc. # 72). On July 30, 2008, Plaintiff filed a response to Defendants' objections (Doc. # 77).

## **Standard of Review**

A.   Rule 72 - Review of a Report and Recommendation

The duties of the district court in connection with the Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b). The district judge "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b).

B.   Rule 12(b)(6) - Motion to Dismiss for Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings. *See De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *See id.* (citing Fed R. Civ. P. 8(a)(2)). In ruling on a motion pursuant to Rule

12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996). The court looks not at whether the plaintiff will "ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

Where a plaintiff appears *pro se,* the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

## Analysis

Defendants object to the R&R on three grounds. First, Defendants contend that the Magistrate Judge incorrectly concluded that the objective component of the Eighth Amendment claim had been met. Second, Defendants contend that the Magistrate Judge incorrectly concluded that the subjective component of the Eighth Amendment claim had been met. Third, Defendants contend that the Magistrate Judge incorrectly concluded that Defendants were not entitled to qualified immunity.

"[R]egular outdoor exercise is extremely important to the psychological and physical well being of" prison inmates. *Spain v. Procunier,* 600 F.2d 189, 193-94 (9th Cir. 1979). Exercise is one of the basic human necessities protected by the Eighth Amendment of the United States Constitution. *Wilson v. Seiter,* 501 U.S. 294, 304 (1991). To assert an Eighth Amendment claim for deprivation of human necessities, a prisoner must satisfy two requirements, one of which is objective and the other of which is subjective. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). "Under the objective requirement, the prison officer's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities." *Allen v. Sakai,* 48 F.3d 1082, 1088 (9th Cir. 1995) (internal citations omitted). The subjective requirement, relating to the prison official's state of mind, requires "deliberate indifference." *Id.* at 1087.

A.     Objective Component of the Eighth Amendment Claim

Defendants "object that in the R&R the Court declines to consider the difference in an emergency lockdown situation in deciding the objective component." *Opposition*, p. 2. Defendants state:

> [T]his case's 39-day deprivation of outdoor exercise falls between the 28-day deprivation allowed [in the Ninth Circuit] and the 42-day deprivation not allowed [in the Ninth Circuit]. The scales, however, should tip in favor of allowing the deprivation because this deprivation occurred in the context of a lockdown of the entire general population following an alleged assault by inmates on staff, as opposed to simply not making provisions for Administrative Segregation inmates to get exercise under normal prison conditions.

*Id.*

In *Hayward v. Procunier,* 629 F.2d 599, 603 (9th Cir. 1980), the Ninth Circuit held that a five-month lockdown and 28-day deprivation of outdoor exercise in response to a genuine emergency did not satisfy the objective element of the Eighth Amendment analysis. In so holding, the Ninth Circuit stated: "The present case . . . confronts us with . . . unusual circumstances . . . ; this lockdown was in response to a genuine emergency. The measure was temporary and plaintiffs here were allowed approximately the minimum exercise mandated in [*Spain,* 600 F.2d 189] within a month after the imposition of the lockdown." *Hayward,* 629 F.2d at 603. In *Allen,* the Ninth Circuit held that permitting a prisoner 45 minutes per week of outdoor recreation during a six-week period satisfied the objective element of the Eighth Amendment analysis. 43 F.3d at 1088. The Ninth Circuit stated that "defendants cannot legitimately claim that their duty to provide regular outdoor exercise to Smith was not clearly established. [Plaintiff] has met the objective requirement of the Eighth Amendment analysis by alleging the deprivation of what this court has defined as a basic human need." *Id.* Similarly, in *Lopez v. Smith,* 203 F.3d 1122, 1133 (9th Cir. 2000)*,* the Ninth Circuit held that the objective element of the Eighth Amendment analysis was satisfied by a prisoner who was denied all access to outdoor exercise during a six-and-one-half week period of time.

The FAC alleges that the lockdown was implemented to punish Plaintiff and was "utilize[d] as a deterrent to future staff assaults by subjecting inmates to such extreme suffering[] that they would dread another lockdown." *FAC,* p. 5, 7. According to the FAC,

Plaintiff was denied any outdoor exercise for 39 days. This is a longer period of time than the 28-day period held to be constitutionally permissible in *Hayward.* The amount of time during which Plaintiff was deprived of outdoor exercise is much closer to the periods of time held to satisfy the objective element in *Lopez* and *Allen.* Construing the allegations in the FAC in the light most favorable to Plaintiff, the Court concludes that dismissal of this action on grounds that the alleged 39-day deprivation of outdoor action does not satisfy the objective component of an Eighth Amendment claim is improper at this stage of the proceedings.

B.    <u>Subjective Component of the Eighth Amendment Claim</u>

Defendants contend that the totality of the circumstances indicate that the deprivation of outdoor exercise was "not instituted simply to cause harm" because "Plaintiff's allegations and documents he attached to his First Amended Complaint" show that the lockdown was in response to incidents of attempted murder on prison staff by inmates other than Plaintiff, and that the decision regarding reinstatement of outdoor exercise was being reviewed on a daily basis. *Objections,* p. 3. Defendants contend that they

> do not argue that the subjective element is only satisfied if an inmate is specifically targeted. Rather, the lack of targeting an inmate (or a small well-defined group of inmates) is part of the totality of circumstances to consider, and shows, when coupled with other factors, the lack of maliciousness - i.e. that the deprivation was not instituted simply to cause harm.

*Objections,* p. 3. Defendants contend that the documents attached to the Complaint, which demonstrate that the deprivation was in response to multiple attempted murders upon staff and that the prison was evaluating reinstatement of outdoor exercise on a daily basis, refute Plaintiff's "conclusory allegation that the deprivation of outdoor exercise served no security purpose but was simply instituted to cause extreme suffering." *Id.* at 4.

The subjective element of the Eighth Amendment requires "deliberate indifference." *Allen,* 48 F.3d at 1087. Deliberate indifference is found when a prison official knows of and disregards an excessive risk to inmate health or safety. *Farmer,* 511 U.S. at 837.

The FAC alleges "Defendants motives were to use the deprivation period as a means to punish Plaintiff." *FAC,* p. 5. With respect to Woodford and Giurbino, the FAC alleges that they were responsible for Plaintiff's deprivation because they knew that Plaintiff's period of

deprivation existed and "had to approve the deprivation period." *Id*. at 2. With respect to Janda and Bourland, the FAC alleges that they were made aware of Plaintiff's deprivation through Plaintiff's institutional grievance, and that they could have therefore "prevented plaintiff's suffering by providing outdoor[] exercise opportunities." *Id.* at 6. Viewing the allegations in the light most favorable to Plaintiff, the Court concludes that the FAC alleges that Woodford and Giurbino acted with deliberate indifference because they knew of and approved of the deprivation period. The Court concludes that the FAC alleges that Janda and Bourland acted with deliberate indifference because they knew of the deprivation and could have prevented the deprivation by providing Plaintiff with outdoor exercise opportunities, but failed to do so. The Court concludes that dismissal on grounds that Plaintiff has failed to allege facts that satisfy the subjective requirement of the Eight Amendment analysis is improper at this stage of the proceedings.

C.  Qualified Immunity

Defendants contend that "[g]iven the important reason the institution had for instituting the lockdown (i.e. the multiple attempted murder of staff by inmates), the unlawfulness of the 39-day deprivation under these facts would not have been clear to a reasonable officer." *Opposition,* p. 5. Defendants object to the R&R's conclusion that it was clearly established in 2005 that the denial of outdoor exercise for an extended period of time was unconstitutional. *Id.*

The Supreme Court has articulated a two-part test for courts to apply in determining whether a government official is entitled to qualified immunity. "The threshold inquiry a court must undertake in a qualified immunity analysis is whether [the] plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer,* 536 U.S. 730, 736 (2002) (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001). "[T]he next, sequential step is to ask whether the right was clearly established." *Saucier,* 533 U.S. at 201. "If the law did not put the officer on notice that his conduct would be clearly unlawful," a finding of qualified immunity is proper. *Id*. It is not required that "courts must have agreed upon the precise formulation of the standard." *Id.* at 202. An officer is not entitled to qualified immunity so long as courts have found that certain

1 conduct constitutes a constitutional violation "under facts not distinguishable in a fair way from the facts presented in the case at hand." *Id.* at 202-203.

As discussed above, the Complaint adequately alleges an Eight Amendment claim against Defendants for denying Plaintiff any outdoor exercise for a period of 39 days. The Court further concludes that it was clearly established when Plaintiff's deprivation allegedly occurred that the denial of outdoor exercise for prison inmates for an extended period of time could constitute an Eighth Amendment violation, and that the Eight Amendment may be violated even in a lockdown situation. The Court concludes that Defendants are not entitled to qualified immunity with respect to Plaintiff's Eighth Amendment claims at this stage of the proceedings.

D.     Defendant Rutledge

Neither party objected to the Magistrate Judge's conclusion that any claims against Rutledge be dismissed. The Court has reviewed this portion of the R&R and concludes that the Magistrate Judge's conclusion is correct.

## Conclusion

IT IS HEREBY ORDERED that the Report and Recommendation (Doc. # 69) is **ADOPTED.** The Motion to Dismiss Plaintiff's First Amended Complaint filed by Jeanne Woodford and Gerald Janda (Doc. # 33); the Motion to Dismiss Plaintiff's First Amended Complaint filed by Jeanne Woodford, Gerald Janda and M Bourland (Doc. # 44); and the Motion to Dismiss Plaintiff's First Amended Complaint filed by Jeanne Woodford, Gerald Janda, M Bourland, and J Giurbino (Doc. # 58) are **DENIED.** All claims against Sergeant Rutledge are **DISMISSED.**

DATED: September 5, 2008

**WILLIAM Q. HAYES**
United States District Judge