FILED
09 NOV 16 PM 1:45
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LYNN NORWOOD, CDCR #J-53407,<br><br>Plaintiff,<br><br>vs.<br><br>JEANNE WOODFORD, et al.,<br><br>Defendants. | Civil No. 07cv0057 WQH (JMA)<br><br>**ORDER RE: ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS TO DEFENDANT TORRES FOR FAILURE TO PROSECUTE PURSUANT TO FED.R.CIV.P. 4(m)**<br><br>[Doc. No. 120] |

On January 8, 2007, Gregory Norwood ("Plaintiff"), a state prisoner currently incarcerated at the California State Prison located in Corcoran, California, filed this action pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff subsequently filed a First Amended Complaint in which he named a number of Defendants, including Defendant R. Torres. On May 1, 2007, the Court directed the United States Marshal Service ("USMS") to effect service of Plaintiff's First Amended Complaint on all the named Defendants. [Doc. No. 13].

///

1    A summons was issued for all the Defendants. However, the summons was returned by
2 the USMS unexecuted on August 23, 2007 as to Defendant Torres with the notation that the
3 USMS received "notice that [Torres] has separated from State service." [Doc. No. 25]. Plaintiff
4 then filed two Motions "requesting that the Court Order Service upon Defendants." [Doc. Nos.
5 30, 39].

6    On December 26, 2007, the Court directed the Attorney General's Office to provide the
7 USMS, in a confidential memorandum, the address of Defendant Torres. [Doc. No. 40]. The
8 Court also instructed the Attorney General's Office to notify the Court if they were unable to
9 locate an address for Defendant Torres. The Deputy Attorney General assigned in this matter
10 submitted a declaration in which she describes the efforts of the Litigation Coordinator at
11 Calipatria State Prison to contact Torres, a former employee, in order to obtain authorization for
12 the California Department of Corrections and Rehabilitation ("CDCR") to accept service on his
13 behalf. [Doc. No. 50]. These efforts were apparently unsuccessful. On April 17, 2008, the
14 USMS submitted another return of service unexecuted as to Defendant Torres that describes
15 three attempts to serve Torres that were unsuccessful. [Doc. No. 60].

16    Plaintiff, once again, filed a "Motion Requesting Service upon Defendant Torres." [Doc.
17 No. 64]. The Court found that the USMS had failed to adequately describe their efforts to serve
18 Defendant Torres and ordered the USMS to renew their efforts to serve Torres. If they remained
19 unsuccessful the USMS was to "provide the Court with a written explanation of the efforts it
20 undertook to accomplish service and why it was unable to do so." [Doc. No. 66]. However, the
21 summons was again returned unexecuted with the notation that the address was no longer a valid
22 address for Defendant Torres and the new owner of the residence was unaware of his
23 whereabouts. [Doc. No. 67]. Plaintiff filed, yet another, "Motion Requesting Service upon
24 Defendant Torres." [Doc. No. 71].

25    Defendants filed a response in which they stated that Defendant Torres had not been an
26 employee of the CDCR for more than two years, they had provided the USMS with the last
27 known address for Defendant Torres and they objected to any further obligation on their part to
28 investigate the whereabouts of Defendant Torres as requested by Plaintiff. [Doc. No. 70]. The

Court denied Plaintiff's Motion as both the USMS and the Attorney General's Office had provided as much information as was available to them to attempt service on Defendant Torres. [Doc. No. 76].

On September 21, 2009, the Court issued an "Order to Show Cause" why the action against Defendant Torres should not be dismissed for failure to prosecute pursuant to FED.R.CIV.P. 4(m). [Doc. No. 120]. Plaintiff filed his response to the Court's OSC on November 2, 2009. [Doc. No. 124].

In this response, Plaintiff requests that the Court order the USMS to serve Defendant Torres "via the CDCR headquarters in Sacramento, California." Plaintiff offers no authority that would permit this Court to order the other remaining Defendants to represent a former employee who has never been properly served in this action. It is Plaintiff's burden to provide the information by which the USMS can serve a Defendant. *See Walker v. Sumner,* 14 F.3d 1415, 1421-22 (9th Cir. 1994) (where a pro se plaintiff fails to provide the Marshal with sufficient information to effect service, the court's sua sponte dismissal of those unserved defendants is appropriate under FED.R.CIV.P. 4(m)).

Accordingly, because Plaintiff has failed to properly serve Defendant Torres, the Court DISMISSES the action against Defendant Torres for failure to prosecute pursuant to FED.R.CIV.P. 4(m).

The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

DATED: 11/13/09

HON. WILLIAM Q. HAYES
United States District Judge