Case 3:07-cv-00057-WQH-JMA   Document 139   Filed 06/25/10   PageID.1197   Page 1 of 2

FILED
2010 JUN 25 AM 10: 36
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LYNN NORWOOD,<br><br>                   Plaintiff,<br>vs.<br>JEANNE WOODFORD; M.E. BOURLAND; J.A. GIURBINO; A.J. JANDA; R. TORRES; SERGEANT RUTLEDGE; DOVEY,<br><br>                   Defendants. | CASE NO. 07cv57 WQH (JMA)<br><br>**ORDER** |

HAYES, Judge:

On June 15, 2010, the United States Court of Appeals for the Ninth Circuit remanded this case "to the district court for the limited purpose of allowing that court to rule on appellant's December 9, 2009 motion" for an extension of time pursuant to Federal Rule of Appellate Procedure 4(a)(6). (Doc. # 137 at 1.)

In his December 9, 2009 Notice of Appeal, Plaintiff states his "case was decided without notice being given to Plaintiff." (Doc. # 127). In a separate Motion Requesting Docket Service of October 7, 2009 Docket Filing which the Court ordered filed *nunc pro tunc* to December 9, 2009, Plaintiff states that he would "like for this Court to correct its mistake and send Plaintiff the Court's October 7, 2009 order [a]s Plaintiff wishes to appeal the Court's October 7, 2009 order." (Doc. # 131 at 1). On January 6, 2010, the Court granted Plaintiff's Motion Requesting Docket Service of October 7, 2009 Docket Filing and ordered the Clerk of the Court to send Plaintiff a copy of the order. (Doc. # 133). However, the Court did not

- 1 -                                                                                                                07cv57 WQH (JMA)

address the issue of an extension of time.

Pursuant to Federal Rule of Appellate Procedure 4(a)(6),

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

The Court finds that all three conditions are satisfied. Plaintiff stated under penalty of perjury that he did not receive notice of the Court's October 7, 2009 order. (Doc. # 131). The Court sent Plaintiff a copy of the October 7, 2009 order on January 6, 2010, more than 21 days after the order was entered. (Doc. # 133). Plaintiff filed his motion within 180 days of the October 7, 2009 order. *See id.* The Court finds that the slight delay in filing his Notice of Appeal did not prejudice Defendants.

IT IS HEREBY ORDERED that Plaintiff's Motion for an Extension of Time is **GRANTED**. IT IS FURTHER ORDERED that the Clerk of the Court shall immediately provide a copy of this order to the United States Court of Appeals for the Ninth Circuit.

DATED: 6/24/10

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE